## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| RICKY WALTER DENTON, | ) |
| | ) |
| Plaintiff , | ) |
| | ) |
| v. | ) Case No. 2:12-cv-04145-SLB-JEO |
| | ) |
| PAT STOKES, | ) |
| | ) |
| Defendant. | ) |

### **MEMORANDUM OPINION**

The magistrate judge filed a report on November 25, 2013, recommending that this action be dismissed without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The plaintiff filed written objections to the report and recommendation on December 26, 2013. Although the objections are outside the time allowed by the magistrate judge, the court will address them here.

The plaintiff first contends that his claim for wrongful search and seizure in connection with the search of his motel room and corresponding arrest on December 19, 2009, is not barred by the two-year statute of limitations applicable to § 1983 actions because he "had not discovered the evidence to support this claim until and during the federal trial in July of 2011." (Doc. #21, p. 2). It is true that the general federal rule with regard to statutes of limitation is that the limitations period "does not begin to run until the facts which would support a cause of action are apparent *or should be apparent* to a person with a reasonably prudent regard for his rights." *See Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)(emphasis added). However, in this instance, not only is the plaintiff's assertion regarding the time in which he discovered the claim vague and unsupported by specific factual allegation, but it seems clear that the facts supporting this claim would, or should,

have been apparent to the plaintiff at the time he was arrested. Furthermore, the magistrate judge correctly noted that the complaint "provides no specific factual support to show that, under the totality of the circumstances that existed at the time, the defendant lacked actual or arguable probable cause to make the arrest." *See Wright v. Dodd*, 438 Fed. App'x 805, 806-07 (11th Cir. 2011). Therefore, even if the plaintiff had shown that the statute of limitations had not expired on this search and seizure claim at the time he filed the complaint, the allegations supporting the claim are not sufficient to allow it to proceed as plead. A plaintiff cannot simply assert the ultimate fact that his constitutional rights have been violated, but must provide sufficient factual support to assert a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff makes a similar argument with respect to his privacy claim in connection with the seizure of his personal correspondence. (Doc. #21, p. 3). He contends he did not become aware of the events made the basis of this claim until July of 2011 during the federal criminal proceedings. However, even if the plaintiff's contentions in that regard had merit, the magistrate judge correctly concluded that this claim is premature in light of the holding in *Heck v. Humphry*, 512 U.S. 477 (1994). Therefore, the recommendation that this claim be dismissed *without prejudice* is appropriate.[1]

---

[1] In his objections, the plaintiff concedes that the complaint is at least "in part" premature because of *Heck*. (Doc. #21, p. 3). However, he objects to the complaint being dismissed, and instead asks that the premature claims be "held in abeyance until the appeal process is complete." *Id*. However, the Supreme Court in *Heck* made it clear that a claim for damages which necessarily implies the invalidity of a conviction or sentence "is not cognizable under § 1983 ... [and] must be dismissed." Furthermore, the Eleventh Circuit has reiterated that claims that fall under the purview of *Heck* are premature and must be dismissed, unless the conviction has been invalidated. *See Plotkin v. U. S.*, 465 Fed. App'x 828, 831 (11th Cir. 2012) (citing *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995)).

The remainder of the plaintiff's objections continue to address his privacy claim in connection with the interception of his personal mail. He disputes the magistrate judge's finding that the defendant would be entitled to qualified immunity with regard to that claim as it is presently plead, and he further challenges the magistrate judge's discussion regarding whether or not prisoners have a legitimate expectation of privacy with regard to their correspondence. However, the court need not address these objections in light of the fact that this claim is due to be dismissed without prejudice pursuant to the holding in *Heck*.[2]

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the court is of the opinion that the magistrate judge's report is due to be and hereby is **ADOPTED** and the recommendation is **ACCEPTED**. This action is therefore due to be dismissed without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). A Final Judgment will be entered.

**DONE**, this 9th day of April, 2014.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[2] The plaintiff does not address the magistrate judge's findings with regard to the allegations which might be construed as a claim for malicious prosecution. In any event, the undersigned concurs with the magistrate judge's findings in that regard.